UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| vs. | ) | Civil No. 08-347-B-W |
| | ) | |
| Matthew A. Fitzpatrick | ) | |

JUDGMENT OF FORECLOSURE AND SALE

This action having been brought to recover a sum certain, to wit, the balance due on promissory notes, mortgages and security agreements, and defendant, Matthew A. Fitzpatrick having been defaulted; and it appearing that there is no genuine issue as to any material fact; and that the United States of America, plaintiff herein, is entitled to such judgment on the complaint; and it appearing from the Declaration of Deborah J. Dufour, that Matthew A. Fitzpatrick is neither an infant nor incompetent, nor in the military service of the United States, and the total amount due to the United States, Farm Service Agency is $195,808.27[1] together with interest and costs; now upon Plaintiff's Motion for Default Judgment, it is:

ORDERED, ADJUDGED, AND DECREED that:

1.  Motion for Default Judgment as to defendant, Matthew A. Fitzpatrick is granted for the plaintiff.

2.  Matthew A. Fitzpatrick has breached the conditions of plaintiff's mortgages.

3.  The real property, which is the subject of this action and judgment, is as described in the complaint and as described in a real estate mortgages executed by Matthew A. Fitzpatrick

and recorded in the Aroostook County Registry of Deeds in Book 3852, Page 61 and Book 3968, Page 160.

    4. There is due the United States, Farm Service Agency the sum of $178,616.41 in principal, together with $17,191.86 in interest as of January 28, 2008, for a total of $195,808.27, plus interest accruing thereafter to the date of judgment at the rate of $20.8236 per day, plus any advances made thereafter under the terms of the mortgages, plus costs.

    5. If Matthew A. Fitzpatrick, his successors, heirs, or assigns do not pay the plaintiff the amount adjudged to be due herein within 90 days from the date of this Order, a representative of the Farm Service Agency, Department of Agriculture, on behalf of the plaintiff, shall sell the mortgaged real property at public sale pursuant to the requirements of 28 U.S.C. Section 2001, 2002, and 2004, 14 M.R.S.A. Sections 6323, 6324, and this judgment. Notice of said sale shall be given by publishing a Notice of Sale, in a newspaper of general circulation in Aroostook County, Maine, once a week for four (4) weeks. Such notice will not be published until after the expiration of the redemption period, but not later than 90 days after the expiration of the redemption period. This sale shall be held not less than thirty (30) days nor more than forty-five (45) days from the date of first publication.

    6. Matthew A. Fitzpatrick shall deliver possession of the real property to plaintiff within ten (10) days after the foreclosure sale.

    7. The mortgagee, in its sole discretion, may allow the mortgagor to redeem or reinstate the loan after the expiration of the period of redemption but before the public sale. The

---

[1] The chattels listed in Complaint at ¶ 8, have been sold by defendant prior to this motion and the funds received for these chattels have been credited to defendant's loan balance.

mortgagee may convey the property to the mortgagor (redemption) or execute a waiver of foreclosure (reinstatement) and all other rights of all other parties shall remain as if no foreclosure had been commenced.

      8.  The plaintiff may bid at the foreclosure sale.  If it is the successful bidder, it need not remit any funds to the Marshal provided its bid does not exceed the amount due on its mortgage, security agreements, costs of this action, and the expenses of sale.  The Marshal shall then deliver a deed conveying the mortgaged premises to the purchaser on behalf of the plaintiff.  Such deed shall convey the premises free and clear of all interests of Matthew A. Fitzpatrick, and any person who may have acquired an interest in the premises after the time that the Court's Certificate with respect to this action was filed in the Aroostook County Registry of Deeds.  Thereafter, every person shall be forever barred and foreclosed of all rights, claims, liens, and equity of redemption in the mortgaged real property.

      9.  If someone other than the plaintiff is the successful purchaser, the buyer will be responsible for any real estate taxes, assessments, water or sewer rents which may be due with respect to the mortgaged premises.  From the proceeds of the sale of the real property, the Marshal shall remit to United States, Farm Service Agency the principal amount due on its mortgage of $178,616.41, plus interest in the amount of $17,191.86 through January 28, 2009, for a total of $195,808.27, plus interest from that date through the date of judgment at the per diem rate of $20.8236, plus any advances made thereafter under the terms of the mortgage and costs, plus interest at the legal rate from the date of judgment to the date of sale and costs of suit.  There being no parties that have claimed an interest in this property, any surplusage shall then be remitted to Matthew A. Fitzpatrick.

10.  A Report of Sale and Disbursement of any proceeds therefrom shall be filed with the Clerk.  If the plaintiff is the successful purchaser, the report shall indicate the amount of its bid which shall be credited against the amount due under its mortgages and security agreements.

Dated: February 23, 2009

/s/ John A. Woodcock, Jr.
Chief U.S. District Court Judge